**Liang Mei LI, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, The Department of Homeland Security, Respondents.**

**No. 05–0466–AG.**

United States Court of Appeals, Second Circuit.

May 24, 2006.

June Zhou, Boca Raton, Florida, for Petitioner.

Drew H. Wrigley, United States Attorney, Norman G. Anderson, Assistant United States Attorney, District of North Dakota, Fargo, North Dakota, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Liang Mei Li petitions for review of the BIA's December 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Paul D. Grussendorf's order denying Li's applications for asylum, withholding of removal, and CAT relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the IJ's factual findings under the substantial evidence standard, reversing only where we conclude that a reasonable adjudicator would be compelled to conclude to the contrary. *See Zhou Yun Zhang v.*

*INS*, 386 F.3d 66, 73 (2d Cir.2004). Nonetheless, "we retain substantial authority to vacate BIA or IJ decisions and remand for reconsideration or rehearing if the immigration court has failed to apply the law correctly or if its findings are not supported by record evidence." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir.2006).

■ The IJ found that Li failed to establish that the past persecution she alleged was "on account of" one of the protected grounds enumerated in 8 U.S.C. § 1101(a)(42). With regard to her past persecution claim premised on political opinion, this finding was supported by substantial evidence. While forced sterilization is deemed to constitute persecution on account of political opinion, *see* 8 U.S.C. § 1101(a)(42), Li is not herself rendered per se eligible for asylum on the basis of her mother's forced sterilization, *see Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (per curiam). Li's application did not allege that the village chief attempted to force her to marry his son or detained her after she refused to do so *because of* her family's opposition to family planning policies. Instead, she claimed only that the village chief accused Li's family of violating the family planning policy after she refused to marry his son.

■ We also affirm the IJ's determination that Li's fear of being subjected to family planning policies did not establish a well-founded fear of future persecution on account of political opinion. In spite of her "dream of having a big family," Li is not yet a mother and is unmarried. "In the absence of solid support in the record for [petitioner's] assertion that [she] will be subjected to forced sterilization, [her] fear is speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (well-founded fear does not require high probability of persecution, but does require "an objective situation ... established by the evidence") (quoting *INS v. Stevic*, 467 U.S. 407, 424–25, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim premised on political opinion, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam).

The record, however, reflects that Li indicated on her amended asylum application that she sought asylum on the basis of social group membership. The IJ's decision contains no explicit discussion of this claim and this may be because Li failed to put the IJ on sufficient notice of the basis for that claim; for example, it appears that she identified the particular social group—"women of child bearing age who were being forced, by someone in power, into marriages that they opposed but have no power to resist"—for the first time in her brief to the BIA. But because our review is limited to the IJ's decision, and that decision contains no discernable analysis of Li's social group claim or, in the alternative, an explanation of why it was not considered, we are left without an adequate basis for meaningful judicial review. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir.2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Thus, we remand for consideration of Li's social group claim, including whether that claim was properly made before the IJ.

The IJ found in the alternative that even assuming Li established past persecution, she had failed to establish a "country wide threat of persecution." We cannot affirm the IJ's decision on this basis, because this finding resulted from the application of improper legal standards. The burden was on the government, not Li, to establish that she could avoid future persecution through internal relocation. *See* 8 C.F.R. § 1208.13(b)(3)(ii). Thus, if on remand it becomes necessary to evaluate the possibility of internal relocation, the proper burden of proof must be applied.

Finally, we affirm the denial of Li's CAT claim as supported by substantial evidence. Li argued that, if she returns to China, she would be considered an "illegal return" and subject to punishment and torture under the criminal laws of China. This claim, "[w]ithout more particularized evidence," does not establish that it would be more likely than not that Li would be "mistreated in any way" relevant to the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005) (holding that a request for CAT relief based solely on the fact that the applicant is part of the large class of persons who have illegally left China was insufficient to compel a finding that the applicant was entitled to relief).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).